REGAN, Judge.
The plaintiff, Fertel, Inc., filed this suit against the defendant, Jahncke Service, Inc., endeavoring to recover the sum of $5,918.71, representing the amount which it asserts is due from the defendant on an open account for hauling and trucking services performed by the plaintiff.
The defendant pleaded the exception of lis pendens, which was overruled. Thereafter, the defendant answered, denied its liability to the plaintiff, and then reconvened for the' sum of $20,485.13, predicated upon the existence of an alleged agreement by the plaintiff which guaranteed payment for certain building materials furnished by Jahncke to one M. A. Donnelly during the period, July, 1965, through March, 1966.
In response to the defendant’s reconven-tional demand, the plaintiff filed its own exception of lis pendens, predicated upon the fact that the identical claim had been *145 made against it in a separate suit then pending between the parties in the Twenty-fourth Judicial District Court for the Parish of Jefferson. This exception was maintained, and the defendant’s reconventional demand was dismissed. Thereafter, in response to the plaintiff’s request for admissions, it was ascertained that the defendant conceded .liability in the amount of $5,-861.46, or $57.25 less than the sum for which the plaintiff had sued. A verification of the plaintiff’s records resulted in allowing the defendant a credit of $57.25, so that the amounts claimed and admitted were identical. The plaintiff then moved for a summary judgment, which was granted by the lower court.
The defendant has appealed from the judgment dismissing its exception of lis pendens, maintaining the plaintiff’s exception of lis pendens to its reconventional demand, and from the judgment on the merits.
Counsel for the defendant maintains that he has not waived an appeal from the latter two issues; however, only the first issue has been designated as an error committed by the lower court and briefed in this court on behalf of the defendant.
The record discloses that both the plaintiff’s and the defendant’s exceptions of lis pendens were predicated upon a suit originally instituted in the Twenty-fourth Judicial District Court as aforesaid by Jahncke Service, tnc., against the plaintiff in this case, Fertel, Inc., and M. A. Don-nelly, claiming $20,485.13, allegedly due for unpaid building materials supplied to Don-nelly, the payment of which was asserted to be guaranteed by Fertel. In the Jefferson Parish suit, Fertel, Inc., answered, denied the existence of the guarantee and reconvened for the amount of $51,463.35, representing damages for breach of contract growing out of the failure of Jahncke to supply ready-mix concrete which was to be used on a levy slope paving project undertaken by Fertel, Inc., near Buras, Louisiana.
From the foregoing elucidation, it is quite clear that the initial suit and recon-ventional. demand in the Jefferson Parish proceeding arose out of a dispute over the furnishing and payment for building materials on a levy project in Buras, Louisiana. On the other hand,- this suit arises out of a claim for remuneration by the plaintiff for hauling and trucking services performed at a different time and place. Hence, the two suits involved separate and distinct causes of action.
The defense of lis pendens is provided for in Code of Civil Procedure Article 531 which reads:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered .shall be conclusive of all.”
In view of the foregoing article, it is quite obvious that the criteria which must prevail before a suit may be dismissed pursuant to pleading the exception of lis pendens is the identity of the cause of action, the identical parties appearing in identical capacities, and the identity of the object of the suit. In this case, the defendant’s exception of lis pendens was predicated upon the reconventional demand of the plaintiff in the Jefferson Parish proceeding, wherein it asserted its claim for damages for the nonfurnishing of materials. Obviously, the cause of action was not the same, and therefore, could not serve as a basis for dismissing the suit on an exception of lis pendens. On the other hand, the plaintiff’s exception of lis pendens was predicated on the fact that the defendant’s reconventional demand in this suit was based on the same cause of action, namely its suit for $20,-485.13, allegedly owed as the result of Fer- *146 tel’s guarantee of payment for materials supplied to M. A. Donnelly. This recon-ventional demand asserted the same cause of action as the one stated in Jahncke’s original petition in the Jefferson Parish suit, which was between the same parties in the same capacity, and had the same object, namely recovery of the identical sum. Obviously, the plaintiff’s exception is completely encompassed by the rationale of Article 531, and the lower court was eminently correct in dismissing the defendant’s reconventional demand herein.
The defendant’s counsel argues, despite the fact that the plaintiff’s claim in this suit is predicated upon a completely separate cause of action from the one asserted in its reconventional demand in the Jefferson Parish suit, that the lower court committed error in refusing to dismiss the present suit and compel the plaintiff to assert this claim in the Jefferson Parish proceeding. The defendant’s counsel insists that such a result would eliminate a “multiplicity of suits”, and he endeavors to justify this' position by relying on the rationale of Article 1005 of the Code of Civil Procedure which states that the answer “shall set forth affirmatively” the litigant’s defenses. In other words, he argues that because the word “shall” is used in Article 1005, the plaintiff in this suit was mandatorily obligated to plead in the Jefferson Parish suit its claim against the defendant for trucking services and hauling. The invalidity of this argument is obvious in view of the rationale of Article 531[1] of the Code of Civil Procedure, since this suit constitutes a separate and distinct cause of action and has no connection whatever with the Jefferson Parish case.
Insofar as the judgment on the merits is concerned, the defendant admitted liability on the cause of action for trucking services in an amount slightly less than that which the plaintiff sued for. Subsequently, the plaintiff remitted the disputed amount of $57.25. Consequently, there was no longer any genuine issue as to a material fact; therefore, the plaintiff was entitled to a judgment as a matter of law.[2]
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. Quoted above.

. See La.O.O.P. Arts. 966-967.